3 U.S. 342
 3 Dall. 342
 1 L.Ed. 628
 Clerke, Plaintiff in Error
v.
Harwood.
 February Term 1797
 3 U.S. 342
 3 Dall. 342
 1 L.Ed. 628
 Clerke, Plaintiff in Error
 
 1
 v.
 
 
 2
 Harwood.
 
 February Term 1797
 
 3
 This was a writ of Error to the High Court of Appeals, of the State of Maryland, to remove the proceedings in a cause, involving a construction of the treaty of peace between the United States and Great Britain, which that Court had decided against the title claimed under the Treaty, by reversing and annulling a previous judgment given in the General Court of the State, in favor of the claim. The only objection arising on the record, was-whether a paper money payment of a British debt into the treasury of Maryland, during the war, by virtue of a law of the state, was a bar to the creditor's recovery at this time? And the solemn adjudication in Ware vs. Hylton et al. ant. p. 199. having settled that point, Dallas, for the Defendant in error, submitted the case, without argument, to the Court, who, in general terms, reversed the judgment of the High Court of Appeals, and affirmed the judgment of the General Court.
 
 
 4
 It then became a question, to which of the State Courts the Mandate should be sent, and what costs should be allowed.
 
 
 5
 E. and W. Tilghman, for the Plaintiff in error, contended, that the judgment of the Court of Appeals being reversed, it was to be regarded as if it had never existed; and that, therefore, the mandate must issue to the General Court, whose judgment was to be carried into effect. They insisted, also, that the costs in both the Courts of Maryland, and in this Court should be allowed.
 
 
 6
 Dallas, on the other side, stated, that by the 25th. section of the Judicial Act, the writ of error was to have the same effect in this case, as if the judgment, or decree, complained of, had been rendered or passed in a Circuit Court, and that the proceeding upon the reversal was also to be the same, except that after once being remanded, this Court may proceed to a final decision, and award execution. In the case, then, of a reversal of a Judgment of the Circuit Court, the 24th, section of the Judicial Act provides, that on reversals in the Supreme Court, they shall proceed to render such judgment, or pass such Decree, as the Inferior Court should have done; and shall send a special mandate to the Circuit Court to award execution thereupon. If, therefore, the Decree of a Circuit, reversing the Decree of a District, Court, were reversed, the mandate would be sent to the former, and not to the latter, and by a parity of reasoning in the present instance, the writ should be sent to the Court of Appeals, and not to the General Court. The construction seems to be strengthened by that part of the 25th. section, which contemplates, that the cause might be remanded to the State Court more than once; as, it is not probable, that the Court whose judgment is affirmed, would require a second order; and, it is surely proper, that the Court, whose judgment is reversed, should be apprised of the event. As to costs, Dallas contended, that at least the costs of the Court, whose judgment was in favor of the Defendant in Error, ought not to be charged against him.
 
 
 7
 But, by the Court: The judgment of the Superior Court of Maryland being reversed, it has become a mere nullity; and costs must follow the right as decided here.
 
 
 8
 Let the Judgment of the General Court be affirmed; let the costs in the Courts of Maryland, and in this Court, be allowed to the Plaintiff in error; and let the mandate for execution issue to the General Court.