TUGMAN *v.* NATIONAL S. S. Co.[1]

*(Circuit Court, E. D. New York.   March 24, 1887.)*

COSTS—REMOVED CAUSE—CONTINUED PROSECUTION IN STATE COURT—REVERSAL BY UNITED STATES SUPREME COURT—APPLICATION FOR STAY PENDING PAYMENT OF COSTS.

Plaintiff having brought suit in a state court, defendant offered a proper petition and bond for the removal of the cause to the courts of the United States. Notwithstanding this, the suit was prosecuted in plaintiff's favor to the court of appeals of the state of New York, from which a writ of error was taken to the United States supreme court. This held that the state courts had no jurisdiction after the filing by defendant of the petition and bond for removal, gave costs in that court to the defendant, and remanded the suit to the state court, with instructions to accept the bond, "and proceed no further in the suit." The mandate did not authorize the state court to award costs. Thereafter the state court awarded costs to defendant, which not being paid, this application was made by defendant to stay proceedings in this court until the payment by plaintiff. *Held* that, while it seems that the state court, under these circumstances, had no authority to award costs, the application for a stay being in the discretion of the court, and the proceedings not having been vexatious in any way, and the highest court of the state having held that plaintiff was right in continuing his proceedings there, this court would not, under such circumstances, grant a stay, and plaintiff might continue his action on payment to defendant of the costs awarded in the supreme court of the United States.

In Admiralty.
*James R. Carmichael*, for libelant.
*John Chetwood*, for defendant.

BENEDICT, J. This is an application by the defendant for a stay of further proceedings in this cause until the plaintiff shall pay the defendant certain costs. These costs accrued under the following circumstances:

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

The actions were originally commenced in the supreme court of this state in the year 1875. The defendant, being entitled so to do, duly presented to the state court a petition and bond as required by law to remove the cause to this court, notwithstanding which the state court proceeded with the cause, and, after a hearing on the merits, gave the plaintiff a judgment against the defendant for the sum of $4,324.13. This judgment the court of appeals of the state upheld. But, a writ of error having been issued in the supreme court of the United States, that court reversed the action of the state court, and held all the proceedings in the state court, subsequent to the filing of the petition and removal bond, to be void, upon the ground that the jurisdiction of the state court absolutely ceased, and the jurisdiction of this court immediately attached, on the filing of the petition and bond. 1 Sup. Ct. Rep. 58. The supreme court also ordered that the plaintiff in error recover against the defendant in error $108.34, for its costs in that court, and have execution therefor; and ordered that the cause be remanded to the supreme court of the state, with instructions to accept the bond tendered by the plaintiff in error for the removal of the cause, and proceed no further in the cause. A mandate to that effect was therefore issued to the supreme court, upon the receipt of which the supreme court accepted the bond and proceeded to reverse the judgment which had been entered by the supreme court in favor of the plaintiff, "with costs to the defendant to be taxed," and ordered that judgment be entered accordingly. Thereafter the said court, upon motion of the defendant, awarded the defendant, in addition to the taxable costs, an extra allowance of $500, and on November 8, 1884, entered up its judgment in favor of the defendant, against the plaintiff, for the taxable costs and extra allowance, amounting in all to the sum of $1,206.30. These costs not having been paid, and the plaintiff, being insolvent, now seeking to proceed with the cause in this court, the defendant applies to have further proceedings in this court stayed until the plaintiff pay the costs for which judgment was entered against him by the supreme court of the state in November, 1884.

I do not think it so clear as the defendant supposes that a distinction can be drawn between this case and the case of *Penrose* v. *Penrose*, decided by this court, and reported in 1 Fed. Rep. 479. The defendant contends for a distinction, because, as he asserts, in this case the state court, in awarding costs and an extra allowance, were acting under the mandate issued by the supreme court of the United States. But the difficulty is that the mandate contains no direction to the state court to award costs. On the contrary, the mandate directs the court to accept the removal bond, and "proceed no further in the cause." It may be that when a state court, within its jurisdiction, reverses its judgment upon the mandate of the supreme court of the United States, it may, when reversing its judgment, in compliance with a direction of the supreme court, give costs to the plaintiff in error. But it does not follow that the state court can award costs to the plaintiff in error without a mandate to the effect, when, as held by the supreme court in this case, every order in the state court subsequent to the filing of the removal pe-

tition and bond is *coram non judice.* As it seems to me, at least the mandate of the supreme court to that effect was necessary to enable the state court to give costs to the plaintiff in error in this case; and indeed such is the view taken by the defendant in argument, for the authority conferred by the mandate of the supreme court is greatly relied on. But the mandate says, "accept the bond, and proceed no further."

In *Clerke* v. *Harwood,* 3 Dall. 342, relied on by the defendant, the supreme court itself allowed the costs in the state court. That was not done by the supreme court in this case. *McKnight* v. *Craig's Adm'r,* 6 Cranch, 183, is not an authority here, for here the supreme court did not direct the court below to enter judgment for the plaintiff in error, but only to proceed no further in the case.

The language in *Riddle* v. *Mandeville,* 6 Cranch, 86, where it is said, "the court below is always competent to award costs in an equity suit in that court," is not authority for holding here that the state court is competent to award costs in a suit not in that court. But whatever may be the conclusion as to the effect of the action taken by the state court after the receipt of the mandate of the supreme court, there is another ground upon which, as it seems to me, this action should be denied. The order here asked for is within the discretion of the court. Courts, in the exercise of a sound discretion and for the purpose of mitigating the effect of vexatious proceedings, when costs incurred in former proceedings have not been paid, and are not collectible, will stay further proceedings until such costs be paid. But the proceedings in this case cannot be held to have been vexatious in any aspect. As to the demand itself, the state court, supposing it to have jurisdiction, gave judgment for the plaintiff. And as to the continuing of proceedings in the state court after receipt of the removal papers, not only the supreme court of the state, but also the court of appeals, held that the plaintiff was right in continuing his proceedings there. In such a case, where, merely because of the inability of the plaintiff, it appears that a stay of proceedings will in fact prevent absolutely and without right of appeal the enforcement of a claim held by the courts of the state to be justly due, the court cannot, I think, in the exercise of a proper discretion, grant a stay. The costs of the supreme court of the United States, which the supreme court did award, are different, and these the plaintiff has offered to pay. On such payment being made an order will be made denying the stay asked for by the defendant.