THE  MANISTEE  LUMBER  COMPANY  ET  AL.  v.  THE
TOWNSHIP  OF  SPRINGFIELD  ET  AL.

*Constitutional  law—Highway  taxes—Restraining  illegal  use  of
moneys—Recovery  by  tax-payer.*

1. The word "townships," as used in section 5 of Act No. 200,
   Laws of 1887, which provided that "all money tax assessed
   and collected within any township for highway purposes shall
   be expended within the limits of the townships on which the
   same may be assessed," and in Act No. 274, Laws of 1889, in
   which the 1887 provision was substantially re-enacted, was
   evidently construed by the Legislature as meaning *surveyed*
   townships.

2. Act No. 294, Local Acts of 1891, which authorizes the defend-
   ant township to expend as much as it may deem expedient
   of the sum of $8,000 belonging to its highway fund, and
   theretofore raised by taxation upon lands within the surveyed
   limits of township 25 N., range 6 W., upon the public high-
   ways of township 25 N., range 8 W., both being a part of
   defendant township, is unconstitutional.

3. A bill praying for an accounting, and that certain tax moneys
   levied and collected under a misapprehension of the require-
   ments of the statute, but which were paid from year to year
   without protest, be returned to the tax-payers, cannot be
   sustained, there being no averment of any fraud in the
   assessment or levy of the taxes.

Appeal from Kalkaska.    (Aldrich, J.)    Submitted on
briefs May 6, 1892.    Decided June 10, 1892.

Bill to restrain the use of certain highway taxes, and
for an accounting, and the return of the money to the
tax-payers.    Complainant appeals.    Decree reversed, with
leave to answer, and case remanded for further pro-
ceedings.    The facts are stated in the opinion.

*Dovel & Smith,* for complainants.

*Totten & Phelps,* for defendants.

MONTGOMERY, J.    The complainants are owners of
land lying within that portion of the township of
Springfield, in the county of Kalkaska, embraced within
township 25 N. of range 6 W.    They join in filing this
bill, and pray that the defendant township and its officers
be restrained from using the highway funds assessed
upon and collected from the owners of lands in town-
ship 25 N. of range 6 W. for the purpose of improving
the highways in township 25 N., range 8 W.; and also
ask an accounting of the amount on hand, and of the
several sums which equitably belong to the complainants,
in case it is found inexpedient to expend it in the
improvement of highways in township 25 N., range 6 W.

The Legislature of 1891, by Local Act No. 294, in
terms authorized the township to expend as much as it
may deem expedient of the sum of $8,000 belonging to
the highway fund of said township, and heretofore raised
by taxation upon lands within said township of Spring-
field, and within the surveyed limits of township 25 N.,
range 6 W., upon the public highways within that por-
tion of said township known as township 25 N., range
8 W.

The laws in force when these taxes were assessed and
collected were, at different periods, Act No. 243, Laws
of 1881; Act No. 57, Laws of 1885; Act No. 200, Laws
of 1887; and Act No. 274, Laws of 1889.    The first of
these acts provided that—

"All highway labor and all money tax assessed and
collected within any township for highway purposes shall
be expended within the limits of the surveyed township
in which the same may be assessed."

This provision was substantially re-enacted in Act No.
57, Laws of 1885.    This act was repealed by Act No.
200, Laws of 1887, which provided that—

"All highway labor and all money tax assessed and

collected within any township for highway purposes shall be expended within the limits of the townships on which the same may be assessed."

This was re-enacted in the law of 1889, in the same language, except that the clause, "unless otherwise provided by law," was added thereto. The word "townships," as used in the acts of 1887 and 1889, was evidently construed by the Legislature as meaning surveyed townships.

The question presented is whether the act of 1891 is constitutional. If it would not have been competent for the Legislature in the first instance to spread a tax on township 25-6 for the benefit of roads in 25-8, it is clear that the attempt to divert the fund after it has been collected is likewise beyond the legislative power, as to hold otherwise would be to hold that the township can do indirectly what it cannot do directly. It appears to us to be too clear for controversy that the tax could not be levied upon the surveyed township six miles distant from the nearest point where any of the 'money' was to be expended, for the benefit of another surveyed township, with an organized township intervening. If it be assumed that the taxing district for highway purposes might include these two disconnected pieces of territory, yet a taxation of one portion for the benefit of the other, without at the same time including the property within the limits of the other in the assessment, would violate the constitutional requirement of uniformity. But in no proper sense is this surveyed township an assessing district for highway purposes, which is or can be within the same assessing district as the western township. Clearly, more immediate advantages of the improvement of the highways in township 25-8 would result to the township of Garfield (the intervening town-

ship) than to township 25–6, yet this township is not and cannot be included within the assessing district. Unless it be held that an arbitrary selection of an assessing district may be made by those in authority, without regard to the benefits to be derived, and one which excludes from the district territory which admittedly receives greater benefit than that which is included, any attempt to include this in one assessing district for highway purposes would be illegal.

In *Ryerson v. Utley*, 16 Mich. 269, it was said:

"The control of the State in regard to taxation is certainly very great, but it is by no means unlimited, and it cannot be exercised in an arbitrary manner, nor without regard to those principles of justice and equality on which it is based. It is of the essence of all taxation that it should compel the discharge of the burden by those upon whom it rests; and if the State should attempt to compel any single county by taxation to pay the salaries of the State officers, or the expenses of the Legislature, no one would for a moment doubt that, while the act was arbitrary, unjust, and tyrannical, it was also unconstitutional."

The rule was well stated by Chief Justice Black in *Sharpless v. Mayor, etc., of Philadelphia*, 21 Penn. St. 147:

"By taxation is meant a certain mode of raising revenue for a public purpose in which the community that pays it has an interest. * * * An act of the legislature authorizing contributions to be levied for a mere private purpose, or for a purpose which, though it be public, is one in which the people from whom they are exacted have no interest, would not be a law, but a sentence commanding the periodical payment of a certain sum by one portion or class of people to another." See, also, Cooley, Tax'n, p. 104 *et seq.; Dorgan v. Boston,* 12 Allen, 223.

To the extent, then, that the bill prays that the officers of the defendant township may be restrained from expend-

ing this $8,000 in township 25 N. of range 8 W., it is maintainable, and the demurrer should have been over-ruled.

The bill further alleges that when these taxes were spread and collected there were no highways, roads, or bridges established or in contemplation of construction, but they were levied and collected under a misapprehension of the requirements of the statute, and in violation of law; and prays an accounting, and that these moneys may be returned to the tax-payers. We do not think that upon this branch of the case the complainants state a case. There is no averment of any fraud in the assessment and levy of said taxes; there is no averment that the taxes were paid under protest; and we think it would be a dangerous precedent to establish that, after paying taxes for a period of nine years, the wisdom or necessity of levying such tax could be inquired into by tax-payers who have paid the same without protest, upon its transpiring that in the judgment of the court after the event the levy of such tax was not judicious.

The decree below will be reversed, and the defendants allowed to answer. The complainants will be entitled to the temporary injunction as prayed in their bill, and the case will be remanded for further proceedings. The complainants will recover costs of this Court.

The other Justices concurred.