Allen, J.,
 

 dissenting. The case upon rehearing is even stronger against the validity of the bonds than it was upon the original hearing. It is now conceded that these sewers were built in farm land; the average acreage of each house within the two districts being 40 acres in one district and 60 acres in another district. Hence the improvements contemplated when these bonds were issued were sewers, and water supply systems in connection with such sewers, to be instituted in sewer districts which
 
 *203
 
 were to become necessary to the public health only as the allotment project became successful and the lots were sold. A prime inducement for the selling of the lots was to be the building of these sewers. Hence, under the guise of public health, the taxpayers were to be saddled with the burden of a sewer system said to be necessary to eliminate disease, which, in fact, was to be used to attract the population and produce the very congestion which of itself might result in disease. There is a general use and benefit to citizens of the county from the establishment of a sewer system built to take care of a condition immediately menacing the public health, and this regardless of the fact that the individual taxpayer has not in all instances access to use of the system. This is obviously the case in congested and in city districts. But the statute here under consideration did not provide for the establishment of sewers within city districts, but related only to territory outside of municipalities. .It contained no provision requiring that such sewers be built in congested districts only. The normal working of the law is shown in the instant case, in which the total bonded debt of Allen county is doubled to pay for sewers built within a special localized territory without the shadow of a public need. The same statement applies as to fire protection. Extensive water systems for supplying fire protection to farm property are not a public need.
 

 The case involves the constitutionality of Sections 6602-1 to 6602-9, inclusive, General Code (112 Ohio Laws, 276
 
 et seq.),
 
 and Sections 6602-17 to 6602-32c, inclusive, General Code (112 Ohio Laws, 292
 
 et seq.),
 
 providing for the establishment
 
 *204
 
 of county sewer districts and water systems for established sewer districts. It does not involve the constitutionality of the Sanitary District Act of Ohio (Sections 6602-34 to 6602-106, inclusive, General Code), relating to sanitary districts, nor does it involve any provisions with reference to the establishment of sewer improvements within municipalities. Much of what was said and written in the briefs, on the rehearing of this case, related to the general question whether sewers constitute improvements necessary for public health. It is conceded that, in general, taxation for sewers is authorized under the police power. I pass over the question of the unconstitutionality of Sections 6602-3a and 6602-3b, which deprive the taxpayer of his right of appeal from the action of the board of county commissioners, and from the action of the state department of health declaring such improvement necessary, and also pass over the vicious feature of the enactment that the county commissioners were to be paid, and actually were paid, extra compensation for allowing these improvements. These are earmarks of the character of the whole enactment. The specific question confronting us here is the constitutionality of a statute which permits county commissioners to establish sewer districts in farm lands without the shadow of any public necessity existing, or without such even being threatened, and to saddle the expense upon the county at large through the medium of the issuance of bonds.
 

 Sections 2293-24 and 5625-3, General Code, authorize the issuance of the writ if the bonds are valid. But are they valid? Section 2293-37, Gen
 
 *205
 
 eral Code, does not preclude an inquiry into the question as to whether the bonds are issued for a lawful purpose. The relator’s action is necessarily predicated upon the legality of the bonds.
 

 It is stated that a rule of property has been established upon which the bondholders had a right to rely, and that therefore these bonds cannot be invalidated. As a matter of fact, the law was recently enacted (112 Ohio Laws, 275), and its constitutionality has never been ruled on in this court.
 

 Moreover, by the issuance of the bonds the taxpayer is not estopped to raise an objection in this or any other court. No case has been cited to this effect. At no step in the proceedings has the taxpayer participated. He is not in the position of an official or of a property holder within the district assessed for special benefits. Mr. Justice Brewer, in the case of
 
 Pleasant Township
 
 v.
 
 Ætna Life Ins. Co.,
 
 138 U. S., 67, 11 S. Ct., 215, 34 L. Ed., 864, speaking for the United States Supreme Court, calls attention to the fact that the purchaser of bonds issued under an act void for unconstitutionality purchases at his peril.
 

 It was specifically held in
 
 Counterman
 
 v.
 
 Dublin Township,
 
 38 Ohio St., 515, that a taxpayer was not estopped from maintaining an action to restrain the enforcement of a tax levied under a statute which had been held to be unconstitutional.
 

 No case exactly on all fours with this case is cited in any brief, but many illustrations of the principles contended for in this dissenting opinion are to be found. The normal result of the act shows that it is not a health law, and that it has no relation to the public health. Even if the statute
 
 *206
 
 contains a colorable statement of a sanitary object, it has no valid ground of basis in the police power.
 
 In the Matter of Jacobs,
 
 98 N. Y., 98, 50 Am. Rep., 636; Freund on the Police Power, 138. The Legislature cannot authorize county commissioners upon their mere declaration of public necessity and danger to the public safety or health to tax the county at large for an improvement of a purely private character.
 

 It is a well-settled principle of constitutional law that no taxes can be levied except for the purpose of raising money which is to be expended for the public use. Moreover, the tax'must be levied for the use of the public of the district taxed. 26 Ruling Case Law, 41; 1 Cooley on Taxation (4th Ed.), Section 316, page 664;
 
 Commissioners of Johnston County
 
 v.
 
 Lacy, Treas.,
 
 174 N. C., 141, 93 S. E., 482, 2 A. L. R., 726;
 
 Keith
 
 v.
 
 Lockhart,
 
 171 N. C., 451, 88 S. E., 640, Ann. Cas., 1918D, 916;
 
 Manistee Lumber Co.
 
 v.
 
 Township of Springfield,
 
 92 Mich., 277, 52 N. W., 468;
 
 Farris
 
 v.
 
 Vannier, Treas.,
 
 6 Dak., 186, 42 N. W., 31, 3 L. R. A., 713;
 
 Wells
 
 v.
 
 City of Weston,
 
 22 Mo., 384, 66 Am. Dec., 627;
 
 Sanborn
 
 v.
 
 Commissioners of Rice County,
 
 9 Minn., 273 (Gil., 258);
 
 Beach
 
 v.
 
 Bradstreet, Comptroller,
 
 85 Conn., 344, 82 A., 1030, Ann. Cas., 1913B, 946;
 
 Robinson
 
 v.
 
 City of Norfolk,
 
 108 Va., 14, 60 S. E., 762, 15 L. R. A. (N. S.), 294, 128 Am. St. Rep., 934.
 

 An act of the Legislature authorizing contributions to be levied for a purpose which, though it be public, is one in which the people from whom they are exacted have no interest, is not a tax law, but a sentence commanding the periodical payment of a certain sum by one set of people to another, in
 
 *207
 
 the nature of an indemnity or tribute.
 
 Sharpless
 
 v.
 
 Mayor, etc., of Philadelphia,
 
 21 Pa., 147, 59 Am. Dec., 759.
 

 It is true that the Legislature has a wide discretion in determining the amount of territory which will derive a benefit from the improvement for which the tax is levied. 26 Ruling Case Law, 73.
 

 If the expense imposed upon one subdivision of the state as a contribution to the expense of another subdivision is in some degree for the benefit of the former, this will suffice to make the tax legal.
 
 Town of Keene
 
 v.
 
 Town of Roxbury,
 
 81 N. H., 332, 126 A., 7.
 

 If some persons derive more benefit from the use of the money than others, this will not-invalidate the tax if it is used to promote the general welfare and the prosperity of the people.
 
 Carman
 
 v.
 
 Hickman County,
 
 185 Ky., 630, 215 S. W., 408.
 

 However, in this instance we have not the case of an improvement such as a county road or a-county park, the establishment of which, although in one part of the county, is an obvious benefit to every one in the county, even though some persons may derive more benefit therefrom, than others. By the very nature of the case, these local sewer systems can be used only in the district, by the people residing, in the district, or by their invitees or licensees. A taxpayer of Allen county living in the southeast corner can use freely any road in the northwest corner of such county; but a taxpayer in the southeast corner of Allen county is not at liberty to use a local sewer system in the northwest corner of such county. Sewers must be necessary to the public health if they are to be erected at
 
 *208
 
 public expense. But sewers in,farm land are not necessary to the public health.
 

 Hence we have here a provision that the taxpayers in that part of Allen county outside of the sewer district shall contribute to the support of an enterprise which is wholly for the benefit of the persons within the district. But a tax cannot be exacted from the taxpayers of Allen county for a district in which they have no interest. An illustration of this principle is that one taxing district, whether it be state, county, municipality, or district established for the particular purpose,' cannot be taxed for the benefit of another district. Thus the people of one municipality cannot be taxed for the benefit of the people of another municipality.
 

 A municipality cannot be compelled to turn over a portion of its funds to the county in which it is situated in order to pay the expense of a county function.
 
 Campbell County
 
 v.
 
 City of Newport,
 
 174 Ky., 712, 193 S. W., 1, L. R. A., 1917D, 791.
 

 The Legislature cannot entail upon a single county of the state, by a tax upon the taxable property therein, the entire expense of a site for a state institution, even though the burden is sought and approved by a majority of the electors voting at a special election called for the purpose.
 
 Wasson
 
 v.
 
 Commissioners of Wayne County,
 
 49 Ohio St., 622, 32 N. E., 472, 17 L. R. A., 795.
 

 The statute in question in the
 
 Wasson case
 
 was held to be unconstitutional under Section 2, Article XII, of the Constitution, which provides that laws shall be passed taxing by uniform rule all real and personal property according to its true value in money.
 

 
 *209
 
 This same principle was extended even to roads by the Supreme Court of Oregon in a case very like the instant one,
 
 Simon
 
 v.
 
 Northup,
 
 27 Or., 487, 40 P., 560, 30 L. R. A., 171, which held that that part of the act of 1895 which provided for the taxation of the property of the county for the payment of the debt of the city of Portland, previously incurred in the purchase and construction of certain highways, was void. The court held that it was not within the taxing power of the Legislature to compel one town, city, or locality to contribute to the payment of the debts of another.
 

 Under the general statutes, sewers and water systems in the city of Lima are built at the expense of Lima alone. The establishment of such systems within Lima, owing to the congestion of population, is of real moment to the public health and safety of Allen county. But, under this holding, sewers and water systems outside of Lima, established without the slightest existing necessity, and intended to create the very evil which they are said to obviate, are to be paid for by the citizens of Lima, together with other taxpayers of Allen county.
 

 All technical arguments to the contrary, this results in taxation which is not levied according to a uniform rule, and, until
 
 Wasson
 
 v.
 
 Commissioners of Wayne County, supra,
 
 is overruled, the case law of Ohio declares this principle.
 

 Since the precise relief prayed for in this case is that Allen county pay the debts of two special districts, local only, and not incurred in the protection of the public health of the county, the bonds are not valid, and in that respect are not issued for a lawful purpose. The innocent taxpayer should
 
 *210
 
 not be made to assume tbe burden of the innocent bondholder. The enactments in question Violate Section 2 of Article XII of the Constitution. The writ should be denied.