WARD (UNITED STATES v.).    See Case No. 16,639.

## Case No. 17,163.

### WARD v. WASHINGTON.

[4 Cranch, C. C., 232.] [1]

Circuit Court, District of Columbia.    May Term, 1832.

MUNICIPAL CORPORATIONS — LICENSE OF BRICK-KILNS—NUISANCES—APPEAL FROM JUSTICE'S JUDGMENT—COSTS.

1. Under the by-law of the corporation of Washington, D. C., of the 14th of August, 1819, no person or officer was authorized to grant a license to erect or use a brick-kiln in that city.

2. The continued use of a brick-kiln without license is a single offence, the penalty of which is, by the by-law, to be measured by the number of weeks it is used; and all the weeks elapsed before prosecution, must be included in that prosecution. But the by-law is so imperfect that it will not sustain a prosecution in any form.

3. It is in the discretion of the court to allow or refuse costs upon the reversal of the judgment of a justice of the peace.

[Cited in Dixon v. Washington, Case No. 3,935.]

4. Under the power to prevent nuisances, and to superintend the health of the city, the corporation had a right to prohibit the erection and use of brick kilns without a license.

This was an appeal [by Ulysses Ward] from the judgment of Robert Clarke, Esq., a justice of the peace for the county of Washington, who had rendered judgments in favor of the corporation upon five separate warrants, for the penalty of ten dollars in each case, for using a brickkiln without license for

[1] [Reported by Hon. William Cranch, Chief Judge.]

five successive weeks. The warrants were all issued on the 9th of August, 1831. These penalties were claimed under the third section of the by-law of the 14th of August, 1819.

Mr. Fendall, for defendant, contended that the corporation had no right to prevent a man from making bricks, unless in such a situation as to be a nuisance. It is not a nuisance per se.

R. S. Coxe, for plaintiff, claimed the right to require a previous license under the power to lay and collect taxes, and to superintend the health of the city.

Mr. Fendall, in reply, to show that the corporation can exercise no power not expressly given, or not necessary to the exercise of powers expressly given, or in derogation of the general law of the land, cited 1 Bac. Abr. tit. "By-Law," 544; Kirk v. Nowill, 1 Term R. 124; Head v. Providence Ins. Co., 2 Cranch [6 U. S.] 169; and the charters of 1802, 1804, and 1812.

THE COURT (MORSELL, Circuit Judge, doubting) was of opinion that the corporation had a right to pass such a by-law, under the power to prevent nuisances, and to superintend the health of the city; but reversed the judgments upon the ground stated in the following opinion, delivered by CRANCH, Chief Judge (nem. con.):

On the 9th of August, 1831, five warrants were issued by Robert Clarke, Esq., against Ulysses Ward, at the suit of the mayor, board of aldermen, and board of common council of the city of Washington, for a penalty of $10 in each case, "for that he the said U. W. did erect and use a brickkiln in the city of Washington, at the county aforesaid, one week, from 1st to the 8th day—July in — year of 1831, without first obtaining a license from the mayor of the said city, contrary to the act or acts of the said mayor, &c., on that subject made and provided." Each warrant was in the same form, for each of the four successive weeks, ending on the 5th of August, 1831, and all dated on the same 9th of August, 1831. They were all tried before the same justice on the 18th of August, and a judgment was rendered in each case for the plaintiff. From these judgments the defendant appeals. The by-law of the corporation upon which these warrants were founded, was passed on the 14th of August, 1819. The first section repeals all the previous "acts of this corporation providing for the issuing licenses for erecting or using of slaughter-houses, and brick and lime kilns." The second section enacts, "that any person who shall erect or use a slaughter-house, without first obtaining a license from the mayor therefor," &c., "shall, for each offence, forfeit and pay, on conviction, the sum of $10," &c. The third section does not make any provision for granting licenses for brick or lime kilns, by any officer, but prohibits them from being granted for more than a year, and enacts, "that any person who shall, without such li-

cense, erect or use a brick or lime kiln, shall incur a penalty of $10 for every week he continues to use the same without license." There being no officer authorized to grant a license, it was impossible for the defendant to obtain one; and the by-law, therefore, in effect amounted to a total prohibition of the erection or use of a brick or lime kiln in any part of the world; for it is not, in its terms, limited to the city of Washington. Such an act would be void for want of power in the corporation. But if the by-laws were in force, and if the mayor had authority to grant a license for a brickkiln, yet the using of a brickkiln is a single offence, the penalty of which is to be measured by the number of weeks it was used; so that all the weeks which elapsed before the prosecution, should have been included in one prosecution. The offence cannot be divided into several parts, according to the number of weeks during which the defendant continued to use the kiln. The use had been continued for five weeks, before the commencement of these five prosecutions, which were all commenced on the 9th of August, 1831. If there could be judgment at all, it could be only in one of them. But the by-law is so imperfect, that we think it will not support a prosecution in any form. We are, therefore, of opinion, that the judgments in these five cases should be reversed; and that in the other two cases in which the judgment of the justice was in favor of the defendant, the judgments should be affirmed with costs.

Mr. Fendall, for defendant, then prayed the court that the judgment upon the reversal should be with costs, and cited Montalet v. Murray, 4 Cranch [8 U. S.] 47; McIver v. Wharton, 9 Wheat. [22 U. S.] 650; Law Md. 1785, c. 80, § 6; Clerk v. Harwood, 3 Dall. [3 U. S.] 342; 12 East, 768.

Mr. Coxe, contra, cited Mr. Justice Baldwin's opinion in 5 Pet. [30 U. S.] 724.

At a subsequent term in 1835, THE COURT ordered the reversal to be with costs: the cause having been continued under curia advisare vult.