State v. Cobb.

STATE OF MISSOURI, Respondent, v. COBB, Appel-
lant.

St. Louis Court of Appeals, May 16, 1905.

1. **CONSTITUTION:** Designating Section.  The question whether
a statute is constitutional can not be considered by the appel-
late court, where the appellant raising the question does not
point out the article or section of the constituion which he
claims is in conflct with the statute.

2. **INDICTMENT:** Language of Statute.  An indictment charging
a misdemeanor which substantially follows the language of the
statute upon which it is grounded is sufficient, though it may
leave out some part of the statute which is not descriptive of
the offense.

3. **AUTOMOBILES:** License: County Clerks.  Under section 4 of
the Act of 1903  (Laws of 1903, page 162), the owner of an au-
tomobile is required to take out a license in each and every
county over which he desires to run it; a license issued by
the county clerk of one county does not authorize him to run it
in another county.

Appeal from Ralls Circuit Court.—*Hon. David H. Eby,*
Judge.

AFFIRMED.

*Roy & Hays* for appellant.

(1)    The court erred in construing the statute so
as to require a resident of a city outside of Ralls county,

having a license from said city, to take out a license in Ralls county. It adopted a construction which would require one using an automobile to take out a license in every county in the State through which he happened to pass. This would require a different number on the vehicle in every county and city, and would entail annoyances that would be prohibitory. Such a result was certainly not contemplated by the law making power. We contend that the meaning of section 4 of the act is that the license shall be taken out once for all in the jurisdiction of the person's residence, or at least at the place from which the vehicle usually departs, and to which it is expected to return. State v. Howard, 137 Mo. 289, 38 S. W. 908; State v. Schuchman, 133 Mo. 117, 33 S. W. 35, 34 S. W. 842. (2) We respectfully submit that when the statute, as in this case, requires one who "desires" to operate an automobile to take out a license, and inflicts a penalty for its violation, an indictment which merely charges that he willfully and unlawfully ran it without a license, omitting the statutory word "desire," is fatally defective. The words "desiring" and "willfully" are not synonymous. In State v. Hesseltine, 130 Mo. 474, 32 S. W. 983, it was held that "words of a statute which are descriptive of an offense, a part of the statutory definition cannot be omitted from any indictment based thereon without fatally vitiating such instrument." (3) The court erred in overruling the motion to quash the indictment. No offense is adequately alleged. There is no allegation that defendant did not have a license from the license commissioner of the city of New London, and no allegation that any portion of the roads, highways or streets on which said vehicle was run was outside of any incorporated city having a license commissioner. In State v. Meek, 70 Mo. 357 the court says: "It is manifest, therefore, that when the exceptions are contained in the clause of the statute defining the offense and constitute a part of the description, the exceptions must be negatived." State v. Shiflett,

20 Mo. 415; State v. Sutton, 24 Mo. 377; State v. O'Brien, 74 Mo. 551; State v. Bockstruck, 136 Mo. 351, 38 S. W. 317; State v. Schuerman, 70 Mo. App. 521.

### STATEMENT.

The defendant was charged by an indictment preferred by the grand jury of Ralls county with running an automobile, propelled by gasoline power, over the streets of New London, a city in said county, and over the public roads of said county, without having a license permitting him so to do. Defendant moved to quash the indictment on the following grounds:

"1. Because the said indictment does not charge any offense against the defendant herein.

"2. Because the facts charged in said indictment do not constitute any crime or offense against the laws of the State of Missouri.

"3. Because the act of the Legislature of the State of Missouri entitled 'An act regulating the operation and speed of automobiles on the public streets, roads and highways of this State, fixing the amount of license, and prescribing a penalty for violating same,' approved March 23, 1903, is contrary to the Constitution of this State and against the Constitution of the United States."

The motion to quash was overruled and the issues were submitted to the court (a jury being waived) on the following agreed statement of facts:

"1. It is agreed that the defendant on the eleventh day of October, 1903, in Ralls county, Missouri, willfully ran and operated an automobile, which was then and there propelled by gasoline, over the public highways, streets and roads of this State, to-wit: In and upon and over the public road and highway known as the Hannibal and New London Gravel road leading from the city of Hannibal, Marion county, Missouri, to the city of New London, in Ralls county, Missouri, and in and up-

on and over the public streets of the city of New London, in said Ralls county, Missouri, to-wit: the streets known and designated on the plat of said city of New London, as Main street, Third street, College street, Mayhall street, Fourth street, Barkley street and Depot street, without taking out and having and obtaining from the county clerk of said Ralls county, a license authorizing the operating and running of said automobile.

"2. That said defendant lives and has his place of residence in the city of Hannibal, in Marion county, Missouri, and that prior to said eleventh day of October, 1903, the defendant had obtained from the license commissioner of the city of Hannibal aforesaid, a license authorizing the operating of said automobile in said city, and that said license was in force on the eleventh day of October, 1903. And that prior to said October eleventh, 1903, the defendant obtained from the county clerk of Marion county, Missouri, a license authorizing the operating of said automobile in said Marion county, which last mentioned license was in force on said last mentioned date. And that said machine on said last mentioned day bore on it, in a conspicuous place, a number corresponding to the number of the license obtained as aforesaid from the license commissioner of said city of Hannibal.

"3. That said machine was not on said day propelled by any motive power except gasoline and was not capable of being propelled by any other power."

The court found the defendant guilty and assessed his punishment at a fine of one hundred dollars. After unavailing motions for new trial and in arrest of judgment, defendant appealed to this court.

BLAND, P. J. (after stating the facts).—1. Defendant's effort to raise the question of the constitutionality of the law requiring persons and corporations desiring to run automobiles to take out a license, is inef-

fectual for the reason that neither the article or section of the Constitution it is thought the act violates is anywhere pointed out or referred to in defendant's motions or brief. [Hulett v. Railway, 145 Mo. 35; Dawson v. Waldheim, 91 Mo. App. 117.]

2. The automobile act was passed in 1903 (Laws of 1903, p. 162). Section four of the act requires license to be taken out as follows:

"Sec. 4. Every person, corporation, company or co-partnership, desiring to operate any automobile propelled by steam, gasoline or electricity or any other motive power shall obtain a license from the license commissioner, if in a city having such commissioner, or if desired to operate same in any county outside the incorporate limits of any such city or any of the public highways, streets or roads of this State shall obtain a license from the county clerk of such county authorizing the operating of such automobile, and shall pay to the license commissioner, if in a city having such commissioner, or if in any county to the county clerk of such county, the sum of two dollars per annum for each automobile, so operated and run on the streets, roads and highways, which said sum shall be paid into and become a part of the general road fund."

The indictment substantially follows the language of the section upon which it is grounded. It substantially charges that defendant willfully and unlawfully ran an automobile over the public streets of the town of New London and over the public roads of Ralls county, without first taking out a license permitting him to do so. For the reason the word "desire" is not found in the indictment, it is contended that it is bad. The word, as used in the statute, would have no significance whatever in an indictment, under the statute, as it is not descriptive of the offense. We think the indictment is sufficient in form and substance and that the court correctly overruled the motion to quash.

3. The main contention of defendant is that the

State v. Cobb.

trial court misconstrued section 4, supra, by refusing
to hold (if we correctly understand the briefs of coun-
sel) that the license granted defendant by the clerk of
the Marion County Circuit Court authorized defend-
ant to run his automobile over the public roads of any
and all counties in the State. The section does not ex-
pressly provide that an owner of an automobile must
take out a license in each and every county over whose
road he may desire to run his machine. If an owner de-
sires to run his automobile over the streets of a city,
he must procure a license from the license commissioner
of such city; and the section further provides, in effect,
that if he would extend his excursion beyond the limits
of the city and run over public country roads, he must
procure a license from the clerk of the county court be-
fore he may lawfully extend his tour into the county;
and if he would make a long run across the country
through several counties, we think the section clearly
contemplates that he must procure a license from the
county clerk of each and every county over whose pub-
lic roads he may desire to run before he can lawfully run
his automobile on them. A license has only a local ap-
plication; it affords no protection beyond the bounda-
ries of the jurisdiction of the officer who issues it. The
jurisdiction of the clerk of the Marion County Court
to issue license is confined by law to occupations, etc.,
carried on within the boundaries of Marion county and
can have no force or effect, or afford any protection to
one carrying on an occupation or running an automo-
bile in Ralls county. A license, to be effectual through-
out the State, would be one issued by a State officer ex-
pressly authorized thereto by an act of the General As-
sembly, or by a county officer under some broad act giv-
ing such license force and effect throughout the boun-
daries of the State. No such provision is found in the
act in respect to automobiles, and we are of the opinion
that an automobile owner is required to take out a li-

113 app—11

cense in each and every county over whose roads he desires to run his automobile and that the learned trial judge correctly construed section 4, supra.

The judgment is affirmed. All concur.