144 So. 873

## WHITE v. CITY OF DECATUR.
### 8 Div. 463.

Supreme Court of Alabama.
Dec. 15, 1932.

Watts & White, of Huntsville, for petitioner.

Tennis Tidwell, of Decatur, opposed.

**BROWN, J.**

The city of Decatur, a municipal corporation, located wholly in Morgan county, recovered a judgment against the petitioner, appellant in the Court of Appeals, for money

alleged to be due as a license or privilege tax under an ordinance of said city duly adopted, levying such tax on businesses and occupations conducted and carried on within the corporate limits of said city, and a like tax on businesses and occupations conducted outside of the city limits, but within its police jurisdiction, the tax on businesses and occupations last mentioned being equal to 50 per cent. of the tax on such businesses and occupations conducted within the corporate limits.

The business and occupation engaged in by the petitioner was carried on at Whiteside in Limestone county, across the Tennessee river from Decatur, but within three miles of the corporate limits.

The city of Decatur has a population of more than 6,000 inhabitants,. and it contends that the authority for the levy as against the petitioner is found in the provisions of section 1954 of the Code of 1923, and General Act No. 580 (Gen. Acts 1927, p. 674), entitled "An Act to authorize all cities and towns within the State of Alabama to fix and collect licenses for any business, trade or profession done outside the corporate limits but within the police jurisdiction thereof," approved September 6, 1927.

Said section 1954, Code, provides: "The police jurisdiction in cities having six thousand or more inhabitants shall cover all *adjoining* territory within three miles of the corporate limits, and in cities having less than six thousand inhabitants, and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town. Ordinances of a city or town *enforcing police or sanitary regulations* and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town and in the police jurisdiction thereof, and on any property or rights of way belonging to the city or town." [Italics supplied.]

The act provides: "That any city or town within the state of Alabama may fix and collect licenses for any business, trade or profession done within the police jurisdiction of such city or town and without the corporate limits thereof; provided, however, that the amount of such licenses shall not be more than one-half the amount charged and collected as a license for like businesses, trade or profession done within the corporate limits of such city, fees and penalties excluded," etc. General Acts 1927, No. 580, page 674.

It is well settled that the power of the Legislature, except as restrained by the Constitution, is supreme in the enactment of statutory law and in the creation of subordinate governmental agencies, and in prescribing their powers and duties (State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 98 So.

373); that the Legislature may authorize a municipal corporation, under the police power, to regulate and license businesses carried on within a prescribed, reasonable limit out-side of its corporate limits, and require the payment of such sum for such license as is reasonably necessary for the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of public morals (Van Hook v. City of Selma, 70 Ala. 361, 45 Am. Rep. 85; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522; 37 C. J. 181, § 23).

But the Legislature is without authority to authorize the levy of a tax for revenue on businesses or occupations not carried on within the corporate limits, as this would amount to taxation without representation and the taking of private property without due process of law, and for uses not authorized by the Constitution. 37 C. J. 181, § 23; Robinson v. City of Norfolk, 108 Va. 14, 60 S. E. 762, 15 L. R. A. (N. S.) 294, 128 Am. St. Rep. 934.

The constitutional integrity of the act of September 6, 1927, is not brought in question by this proceeding; nor is the reasonableness of the sum exacted by the several ordinances in question.

The sole contention of the petitioner is that section 1954 of the Code does not embrace the territory in which the defendant conducted his business, because this territory was separated from the city of Decatur by the Tennessee river and the county line between the county of Morgan and the county of Limestone, and, therefore, this territory is not "adjoining territory" within the purview of this statute.

There is no escape from the conclusion that the territory immediately north of the corporate limits of the city of Decatur, which is fixed at "a point 60 yards north of the low water mark on the south bank of the Tennessee river," (Local Acts 1927, pages 3 and 4) in fact abuts, lies next to, connects with, and is contiguous to said north corporate line, and this is so, notwithstanding the river and the county line intervene between the corporate line and petitioner's place of business, which is situated within not more than two and one-half miles of the said corporate line. 1 C. J. 1197, 1198.

The power of the Legislature to consolidate two separate and distinct corporations situated in two different counties was sustained in State ex rel. Brooks v. Gullatt et al., supra; and there can be no question that the power resided in the Legislature to confer on the city of Decatur police jurisdiction over the territory lying immediately north of its corporate boundary, and no exception appear-

ing in the statute (Code, § 1954), this is the effect of its provisions.

The Court of Appeals ruled in accordance with these views, and the writ must be denied.

Writ denied.

GARDNER, THOMAS, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

ANDERSON, C. J., dissents.