**CITY OF SEDALIA ex rel. and to Use of FERGUSON, City Treasurer, v. SHELL PETROLEUM CORPORATION et al.**

Nos. 10373–10379.

Circuit Court of Appeals, Eighth Circuit.

Jan. 6, 1936.

194

Frank W. Hayes, of Sedalia, Mo. (Fred F. Wesner, Fred M. Ross, and Lawrence Barnett, all of Sedalia, Mo., on the brief), for appellant.

R. H. Wills, of Tulsa, Okl. (J. C. Denton, J. R. Crocker, I. L. Lockewitz, and J. P. Greve, all of Tulsa, Okl., on the brief), for appellee Mid-Continent Petroleum Corporation.

Lee Montgomery, of Sedalia, Mo. (Buell F. Jones, of Chicago, Ill., Eben H. Jones, of Cleveland, Ohio, Cliff V. Peery, Walter E. Brown, and Roger B. Jones, all of Kansas City, Mo., and John T. Martin and John Z. Montgomery, both of Sedalia, Mo., on the brief), for appellees Standard Oil Co. of Indiana, Skelly Oil Co., Sinclair Refining Co., and National Refining Co.

James T. Dolan, of St. Louis, Mo. (Guy A. Thompson, Samuel A. Mitchell, Frank A. Thompson, and Truman Post Young, all of St. Louis, Mo., on the brief), for appellee Shell Petroleum Corporation.

James P. Kem, of Kansas City, Mo., for appellees White Eagle Oil & Refining Co. and White Eagle Oil Corporation.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

In these cases, seven in number, actions at law were brought by appellant, city of Sedalia, as plaintiff, against various oil companies to recover taxes due the city by virtue of two certain city ordinances. The action against each of the oil companies is substantially identical, and the issues in one case are determinative of the issues in all the others. By stipulation of the parties, the seven cases were consolidated for trial and presented at one hearing, and by a like stipulation, with the approval of this court, the seven cases have been consolidated upon appeal. The record on appeal has been perfected in No. 10373, City of Sedalia, etc., v. Shell Petroleum Corporation.

These cases were before this court on a prior appeal, in which the judgment of the lower court dismissing appellant's bill in equity was reversed, with directions that the causes be transferred to the law docket for further proceedings. 66 F.(2d) 757, 95 A.L.R. 1514. We shall refer to the parties as they appeared below.

Following the remand of the suits on the former appeal, plaintiff filed its amended petitions at law in two counts. The first count is bottomed on an ordinance of the city of Sedalia, No. 2417, which plaintiff alleged levied an occupation tax on the defendants for carrying on in Sedalia, Mo., the business of selling gasoline and transporting the same through the streets of the city of Sedalia in barrels, tank wagons, etc., and sought to recover from defendants an occupation tax at the rate of one-half of one cent per gallon, measured by the total number of gallons of gasoline sold by them from their oil stations in Sedalia, both within and without the city of Sedalia. The second count of the petitions was bottomed on Ordinance No. 2417, as amended by Ordinance No. 2886, which increased the rate of the tax from one-half cent per gallon to one cent per gallon.

Answers were filed in each of the actions which challenged the right of the city to levy and collect such a tax, and which put in issue the constitutionality of the ordinances, alleging that they were violative of section 3 of article 1 [10] of the Constitution of Missouri, and violative of the Fourth and Fifth Amendments to the Federal Constitution, if construed in accordance with plaintiff's contention. The answers also pleaded that the city was estopped, by reason of its conduct and dealing with defendants, to now collect the tax as sued for.

The actions were tried to the court without a jury on written stipulation, and the court found: (1) "That the defendants in the period involved in these cases sold in the city of Sedalia gasoline in the quantities set out in the several stipulations offered in evidence and transported the same over the streets of the city of Sedalia and as to all gasoline so sold and transported defendants have paid the full amount of license tax imposed by the ordinances of the city of Sedalia;" (2) "that the defendants in the period involved in these cases, sold outside of the city of Sedalia the quantities of gasoline set out in the several stipulations offered in evidence and that those quantities of gasoline were transported by the defendants over the streets of the city of Sedalia and that upon the gasoline so sold defendants have paid no license tax to the city of Sedalia." The court concluded as a matter of law, "that the defendants were not legally bound to pay to the city of Sedalia any license tax during the period involved in these cases measured by the quantities of gasoline which were sold by them outside of the city of Sedalia." The court accordingly entered judgments dismissing the actions, and it is from these judgments that plaintiff has appealed.

Appellant contends: (1) That on a former appeal this court construed the ordinances here involved as to the measure of the occupation tax to include sales consummated outside the city of Sedalia; and (2) that if the ordinances are still open for construction, they must be construed to include in the measure of the occupation tax those sales consummated outside the city limits.

The important provisions of Ordinance No. 2417 are those contained in sections 1 and 2, which read as follows:

"Section 1. No person, firm or corporation shall engage in, carry on or conduct the business of selling gasoline and transporting the same in barrels, tank wagons or other containers having a capacity of more than five (5) gallons without first having obtained a license so to do from the City Clerk.

"Section 2. Every person, firm or corporation engaged in the business defined in Section 1 hereof shall pay the City Treasurer a quarter-annual license tax of one-half of one cent per gallon on or before the 15th day of December, March, June and September of each year for the preceding period of three months and ending as aforesaid."

1. We shall first consider the contention of appellant that on the former appeal this court construed the ordinances in question to levy an occupation tax on the defendants measured by the total volume of gasoline sold by them from their businesses located in Sedalia, including sales consummated outside of the city, and that as so construed this court upheld their validity. This court held, as a matter of practice and pleading, that

the appellant could not maintain a suit in equity for an accounting because it had a ·remedy at law, and held that a court of equity was, therefore, without jurisdiction, and accordingly remanded the suits, with direction to transfer them to the law docket. On the former appeal the issues were presented solely on the pleadings, no trial on the merits having been had in the lower court. It did not then appear that the only taxes which plaintiff was seeking to recover were those alleged to· have been levied upon sales consummated outside of the city of Sedalia. Nothing contained in the opinion of this court refers to sales of gasoline outside of the city of Sedalia. Under the ordinance there could, of course, be sales within the city of Sedalia for delivery in the city, and there could be sales made in the city of Sedalia for delivery outside of the city of Sedalia, and we think there is nothing in the opinion of this court which goes beyond such sales. The actions having been tried on the merits, it now appears for the .first time that each defendant had in Sedalia a bulk plant or wholesale station for storing gasoline, and that each sold gasoline in said city and has paid all taxes imposed on account of such sales. It is well settled that the decision of an appellate court is ordinarily the law of that case on the points presented, binding in all subsequent proceedings on the lower court. If, however, the evidence is substantially different in material respects from that presented on the former appeal, the rule of the law of the case is not applicable. Ætna Life Ins. Co. v. Wharton (C.C.A.8) 63 F.(2d) 378. There are other modifications of the rule discussed by us in American Surety Co. v. Bankers' Savings & Loan Ass'n, 67 F.(2d) 803. It is not an absolute rule of law, but rather of practice or procedure. We are of the view that the question now presented was not necessarily involved on the former appeal, and was not in fact considered by this court. In any event, the facts and issues now before us are materially different from those presented on the former appeal, and hence the rule cannot be invoked.

2. As has been observed, the taxes sought to be recovered under these ordinances are those for gasoline transported from the storage tanks of the defendants· in the city of Sedalia to various parts of the country outside of the city, and there sold and delivered to purchasers. In other words, the taxes are not those imposed on sales within the city limits. We shall first consider whether, properly construed, the ordinances include such sales, and this without any reference to the power or authority of the city to enact or enforce an ordinance purporting to levy such a tax.

The ordinances involved are exactly alike, except that the latter ordinance fixes the rate of the tax at one cent per gallon, instead of one-half cent per gallon. These ordinances designate the tax as a license tax for carrying on - or conducting the business of selling and transporting gasoline. They were enacted by the governing body of the city of Sedalia. The authority of the city is that conferred by section 6840, Revised Statutes Missouri 1929 (Mo.St.Ann. § 6840, p. 5639), which authorizes the imposition of a license tax on "merchants of all kinds." Passing for the moment the question as to whether the city of Sedalia could impose a license tax on any one for conducting a business elsewhere than in .the city, we think there is a presumption that the governing body was legislating with reference to the conduct of business within the city. As a general rule, a municipal corporation's power ceases at municipal boundaries and cannot, without specific legislative authority, be exercised beyond its geographical limits. So far as governmental functions are concerned, it is elementary that a municipal corporation has no extraterritorial Powers. Ex parte Dean, Fed.Cas. No. 3,712, 2 Cranch, C.C. 125; Lenox v. Georgetown, Fed.Cas. No. 8,245, 1 Cranch, C.C. 608; Ward v. Washington, Fed.Cas.No. 17,163, 4 Cranch, C.C. 232; City of Sweetwater v. Hamner (Tex.Civ.App.) 259 S.W. 191; State ex rel. v. Port of Astoria, 79 Or. 1, 154 P. 399; Mulville v. San Diego, 183 Cal. 734, 192 P. 702; City of South Pasadena v. Los Angeles Terminal R. Co., 109 Cal. 315, 41 P. 1093; City of Elkhart v. Lipschitz, 164 Ind. 671, 74 N.E. 528; White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914; City of St. Charles v. Nolle, 51 Mo. 122, 11 Am.Rep. 440; Douglas v. City of Kansas City, 147 Mo. 428, 48 S.W. 851. Certainly, there is a presumption that the governing body of the city was legislating with reference to the conduct of business within the territorial lim-

its of the city, and there is nothing in the provisions of the ordinances indicating that it was the intention to give them extraterritorial effect.

As the ordinances constitute revenue measures, they should be construed in favor of the taxpayer. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156; Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747, 26 A.L.R. 1454; United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984; Miller v. Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 263, 76 L.Ed. 422. In Miller v. Nut Margarine Co., supra, the rule is stated as follows: "It is elementary that tax laws are to be interpreted liberally in favor of taxpayers, and that words defining things to be taxed may not be extended beyond their clear import. Doubts must be resolved against the government and in favor of taxpayers."

We think the text of the ordinances does not support the construction or interpretation contended for by appellant. But if the interpretation can be said to be a matter of doubt, we may look to the contemporaneous construction given these ordinances by the legislative and executive authorities of the city of Sedalia. It appears that in the administration of these ordinances from the time of their enactment to the institution of these actions, they were universally construed by the executive officers of the city as applying only to sales made within the city of Sedalia. Not only were they so construed by the administrative officers, but the city council of Sedalia, when it passed the second ordinance amendatory of the first, described the first ordinance as "an ordinance regulating the amount of tax to be paid on gasoline sold *within the City of Sedalia.*" (Italics supplied.) So that if there could be said to be ambiguity in the ordinances, a construction placed upon them by the officers charged with their execution should be favored by the courts. Luchenbach Steamship Co. v. United States, 280 U.S. 173, 50 S.Ct. 148, 74 L.Ed. 356; United States v. Alabama Great Southern R. Co., 142 U.S. 615, 12 S.Ct. 306, 35 L.Ed. 1134; United States v. Missouri Pacific R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322; United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361; Taylor v. Tayrien (C.C.A. 10) 51 F.(2d) 884.

If the ordinances were susceptible of the construction or interpretation contended for by appellant, they would at least be of doubtful validity. State v. Cobb, 113 Mo.App. 156, 87 S.W. 551; City of St. Charles v. Nolle, 51 Mo. 122, 11 Am.Rep. 440; Douglas v. City of Kansas City, 147 Mo. 428, 48 S.W. 851; Farmers' Loan & T. Co. v. Minnesota, 280 U.S. 204, 50 S.Ct. 98, 101, 74 L.Ed. 371, 65 A.L.R. 1000; Robinson v. City of Norfolk, 108 Va. 14, 60 S.E. 762, 763, 15 L.R.A.(N.S.) 294, 128 Am.St.Rep. 934; Gulf Refining Co. v. City of Knoxville, 136 Tenn. 253, 188 S.W. 798; Falmouth v. Town of Watson, 5 Bush (Ky.) 660; Woco Pep. Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214; White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914.

In City of St. Charles v. Nolle, supra, it is said: "So much of the ordinance under consideration, as attempted to impose a tax upon wagons hauling into and out of the city, we think was void as not being authorized by the charter, and in my opinion the legislature could give no authority to pass such an ordinance."

In Douglas v. City of Kansas City, supra, the court held that: "A city has no right to collect license taxes from residents of territory which it has illegally annexed."

In Farmers' Loan & T. Co. v. Minnesota, supra, in an opinion by Mr. Justice Stone, it is said: "And to sustain a privilege tax the privilege must be enjoyed in the state imposing it."

In Robinson v. City of Norfolk, supra, the court said: "To tax occupations outside of a city for the benefit of those living in a city is, in effect, taking the property of a citizen for private use; that is, for the use of a particular community, of which the outside citizen forms no part. Whether it be called a tax or the appropriation of property, the result is precisely the same."

We do not deem it necessary to determine in these cases the validity of the ordinances if interpreted as contended for by appellant, but it is enough to say that their validity, if so interpreted, would at least be a matter of grave doubt, and that construction should be adopted which would give validity to the ordinances rather than one which would render them void or at least of doubtful validity.

198

Other contentions of counsel have been ably presented, but in view of the foregoing conclusions we deem it unnecessary to give them consideration.

We conclude that the lower court properly construed the ordinances involved, and that the judgments appealed from should, therefore, be affirmed.