187 So. 867

**ALABAMA STATE TAX COMMISSION v. BURNS TRANSP. CO.**

**8 Div. 929.**

Supreme Court of Alabama.

April 6, 1939.

John W. Lapsley, of Montgomery, E. C. Boswell, of Geneva, and L. H. Ellis, of Columbiana, for appellant.

A. H. Carmichael, of Tuscumbia, and Orlan B. Hill, of Florence, for appellee.

546

BROWN, Justice.

The Alabama Motor Carrier Act of 1931, conferring jurisdiction on the Alabama Public Service Commission over common carriers, defined by the Act, excepts from the jurisdiction of said Commission "Motor vehicles engaged exclusively in transporting solely within the limits of any city, town or village in this State or within the police jurisdiction thereof." Gen.Acts 1931, p. 303, § 1; Hood v. State, 230 Ala. 343, 162 So. 543; White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914.

The purpose of this proceeding is to enforce the payment of the mileage tax imposed by section 5 of said Act (page 307) which provides, inter alia, that: "Every motor transportation company doing business in this state *and subject to the control and jurisdiction of the commission* shall pay to the state as contribution to the maintenance, repair and policing *of its public highways* for each mile actually operated within the state *over such public highways* a mileage tax of one-fourth cent per mile on all passenger vehicles with a seating capacity of sixteen passengers or less; and a mileage tax of one-half cent per mile on all passenger vehicles * * * of not less than seventeen and not more than twenty passengers; and a mileage tax of three-fourths cent per mile on all passenger vehicles with a *seating capacity* exceeding twenty and not exceeding twenty-five passengers; and a mileage tax of one cent per mile on all passenger vehicles with a seating capacity exceeding twenty-five passengers," &c. [Italics·supplied.]

The agreed stipulation of facts, and the map attached thereto, show that the appellee's operation is wholly within the tri-cities of Tuscumbia, Sheffield and Florence, and their respective police jurisdiction, and the government reservation attingent thereto, and supports the inference that there are no state maintained highways within any of the tri-cities.

These facts support the conclusion, expressed in the decree of the circuit court, that appellee's operation is not within the jurisdiction of the Alabama Public Service Commission, and the influence of said Act.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.