Lester Clarence LARSEN, Jr., Donald Walter Kopf, and Josef Karl Williams, Plaintiffs,

v.

The CITY OF COLORADO SPRINGS, a Municipal Corporation organized and existing under the constitution of the State of Colorado; Robert H. Schafer, individually and as Police Magistrate in and for the City of Colorado Springs; and I. B. Bruce, individually and as Chief of Police of the City of Colorado Springs, Defendants.

Civ. A. No. 5369.

United States District Court
D. Colorado.

July 20, 1956.

Quiat, Seeman & Quiat, Gerald M. Quiat, Denver, Colo., and Creamer & Creamer, George Louis Creamer, Denver, Colo., for plaintiff.

Frederick T. Henry, Louis Johnson, Colorado Springs, Colo., for defendants.

KNOUS, Chief Judge.

This matter arises upon the application of the plaintiffs for a preliminary injunction, restraining the City of Colorado Springs and certain of its officers and employees from the enforcement of a duly enacted municipal ordinance of the defendant city. The action is here pursuant to 28 U.S.C.A. § 1343, it being alleged that the municipal ordinance here in controversy is an unconstitutional encroachment upon the right of plaintiffs to earn a lawful livelihood and is violative of the First and Fourteenth Amendments to the Constitution of the United States of America, and certain statutes of the United States.

The original complaint attacked certain ordinances of the defendant city, not now in controversy, since subsequent to the original complaint, and on May 22, 1956, the subject ordinance was passed amending the ordinance attacked in the original complaint and providing in Section 4 thereof that:

"All ordinances and parts of ordinances in conflict with the provisions hereof are hereby repealed and any provisions of the State Law inconsistent herewith *is* hereby superseded."

Section 1 of the present Ordinance, introduced herein by a Supplemental Complaint, provides:

"The practice of going in and upon private residences in the City of Colorado Springs, Colorado, by salesmen, solicitors, peddlers, hawkers, itinerant merchants, transient vendors of merchandise or others of like occupation, not having been re-quested or invited so to do by the owner or owners, occupant or occupants of said private residences for the purpose of soliciting orders for the sale of goods, wares and merchandise, magazines, services or the like, or for the purpose of disposing of or peddling or hawking the same, is hereby declared to be a nuisance and punishable as hereinafter provided."

Section 2 states:

"The practice of going in and upon private residences in the City of Colorado Springs, Colorado, by salesmen, solicitors, peddlers, hawkers, itinerant merchants, transient vendors of merchandise, or others of like occupation, not having been re-quested or invited so to do by the owner or owners, occupant or occupants of said private residences, for the purpose of demonstrating, displaying, exhibiting, making sittings, commercial surveys, auditions, or the like, looking at or checking a house, structure, fixtures or appliances for repairs or betterments, or calling the occupant or owner to the door by knocking on the door, ringing the doorbell, or other means to deliver free samples of merchandise or commercial advertising is hereby declared to be a nuisance and punishable as such nuisance as hereinafter provided."

The plaintiffs are salesmen and solicitors in the employment of Kaufman Window Company, and as such promote and consummate sales of their company's products, custom made window fixtures, within the confines of and with the inhabitants of the City of Colorado Springs. Their activities, as summarized from the evidence in their brief in support of a preliminary injunction, are as follows (page 1):

"Plaintiffs, as employees of Kaufman Window Company, go to various houses in Colorado Springs, and there they request to make an appointment with the man and wife occupying the house, in order to dis-

cuss possible sale and purchase of one or more of their products. If it is indicated that there is no interest in that matter, the agent pursues the matter no further. If interest is expressed, an appointment is made.

"In no event is there a sale attempted on the occasion of that first visit, which has as its only purpose the arranging of an appointment."

Plaintiffs assert that they would be deprived of this lawful activity in furtherance of their livelihood by the enforcement of the allegedly unconstitutional ordinance. It was stipulated between the parties that the city intended to and would enforce the ordinance and it is conceded that the current practices of plaintiffs would be curtailed because of such enforcement.

■ The principal attack is made upon Section 2 of the ordinance. It is stated in 11 Am.Jur., § 111, page 748, that:

"One of the elementary doctrines of constitutional law, firmly established by the authorities, is that the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights."

Thus, as the ordinance contains a severability clause, any ruling on the constitutionality of Section 2 presupposes that plaintiffs have shown it to be restrictive of their conduct. The assumption (with nothing more) is made that the ordinance's second section does so operate. However, in the opinion of the Court, Section 1 of the ordinance in and of itself prohibits the conduct of plaintiffs, making it unnecessary to even consider Section 2 thereof.

■ There can be no doubt that by its terms the ordinance is limited to commercial activities. A contention should not be implied in a statute which would raise grave questions of constitutionality, Russian Volunteer Fleet v. United States, 1931, 282 U.S. 481, 492, 51 S.Ct. 229, 75 L.Ed. 473; Missouri Pacific R. R. v. Boone, 1926, 270 U.S. 466, 471–472, 46 S.Ct. 341, 70 L.Ed. 688, and, of course, it is the rule that a statute will be given that construction which will render it valid if it is susceptible to different constructions. Anniston Mfg. Co. v. Davis, 1937, 301 U.S. 337, 351, 57 S.Ct. 816, 81 L.Ed. 1143; Porter v. Investors Syndicate, 1932, 286 U.S. 461, 470, 52 S.Ct. 617, 76 L.Ed. 1226. The same construction should be given to ordinances. Tower Realty v. City of East Detroit, 6 Cir., 1952, 196 F.2d 710, 717–718; City of Sedalia ex rel. and to Use of Ferguson v. Shell Petroleum Corporation, 8 Cir., 1936, 81 F.2d 193, 197, 106 A.L.R. 1327. To say that the subject ordinance restricts any activity other than commercial would be not only an unwarranted and unreasonable construction, but one which would conceivably raise grave questions as to its validity.

It is equally clear that plaintiffs' activities are commercial in character. Since the plaintiffs' livelihood is gained from the sale of the product of their employer and it is alleged that the ordinance deprives them of the right to gain this livelihood by prohibiting the initial appointment-seeking visits, it follows inescapably that the visit without invitation is made in connection with a sales promotion and a preconceived sales plan. The existence of the contingency that the sales promotion might be nipped in the bud by the lack of cooperation of the occupant visited, is no reason for classifying the appointment-seeking visit other than as a part of a planned commercial sales venture.

In Town of Green River v. Fuller Brush Co., 10 Cir., 1933, 65 F.2d 112, at page 114, 88 A.L.R. 177, the practice of the appellee's agent was set forth as being:

"When an agent of appellee goes to a residence to solicit orders for its goods he approaches in an orderly manner. When he reaches the

house he rings the doorbell or knocks on the door. *If the occupant of the house appears in response to the knock or ring, appellee's representative hands the occupant a card stating that he will call at some future time to redeem the card and present the occupant with a gift item with the compliments of appellee, and makes an appointment to call at a future time for an interview.* \* \* Subsequently the representative calls again and knocks or rings and explains and demonstrates the use of appellee's goods and endeavors to obtain orders for goods like exhibited samples to be delivered at a future date. \* \* \* " [Italics ours.]

The constitutionality of the ordinance, which is very similar to Section 1 of the ordinance here involved, was upheld, and the conduct above described "contrary to the express provisions of said ordinance" was not the subject of unconstitutional encroachment.

In Town of Green River v. Bunger, 1936, 50 Wyo. 52, 58 P.2d 456, 458, the opinion states:

"In the fall of 1933, after the decision by Circuit Court of Appeals, the Fuller Brush Company instructed defendant to continue to make house-to-house calls in Green River, in the interests of the company, but the manner of approach, as described in the federal case, was changed for the evident purpose of evading the ordinance. When in response to the ring or knock of the defendant some one appeared at the door, defendant would say that he was the authorized representative of the Fuller Brush Company and was in town calling on customers of the company; that because of an ordinance of the town he was not permitted to call with his brushes to demonstrate unless requested or invited to do so; that he would call later for that purpose, if given an invitation. He would then ask for an invitation, and exhibit a card to be signed. The card above the place

for signature, recites: 'To the Fuller Brush Company: I hereby request your representative to call and demonstrate your brushes from time to time when he is in town. I am under no obligation to buy.' Some time during the conversation the defendant would say that the signing of the card would entitle the signer to a brush as a gift when the defendant returned to show and demonstrate his goods.\* \* \* "

The Supreme Court of Wyoming therein affirmed a judgment finding the defendant guilty of violating the ordinance there in question, which in effect is the same as Section 1 of the ordinance here under attack. The conduct above set forth was described as the solicitation of invitations to call later to solicit orders for goods—which description fits the conduct of these plaintiffs precisely. The Wyoming Court went on to say at page 459 of 58 P.2d:

" \* \* \* We should not give the ordinance a construction that will permit solicitors to create the annoyance by entering homes for the purpose of soliciting orders, and then evade the penalty by showing that all they asked for in the beginning was an invitation to solicit orders. The solicitation of the invitation was not a purpose in itself, but a step in carrying out the purpose to solicit orders. Defendant's conduct falls both within the reasonable meaning of the terms, and within the spirit and scope, of the ordinance. \* \* \* "

In the opinion of this Court, the prohibition contained in Section 1 of the subject ordinance against "soliciting orders for the sale of goods, wares, and merchandise \* \* \* " adequately prohibits the conduct of these plaintiffs in their solicitation of invitations to call later to solicit orders for their employer's products. Ordinances similar to Section 1 of the subject ordinance have been upheld in many instances; among such are Breard v. Alexandria,

1951, 341 U.S. 622, 71 S.Ct. 920, 95 L. Ed. 1233; Town of Green River v. Fuller Brush Company, supra; McCormick v. City of Montrose, 1939, 105 Colo. 493, 99 P.2d 969. The Court finds nothing presented here warranting a departure from these authorities, and is of the opinion that the Breard case disposes of plaintiffs' contention that the subject ordinance as applied to them is violative of the constitutional guarantee of freedom of speech.

In the view of the Court, its findings of fact and conclusions of law sufficiently appear in the foregoing memorandum opinion to meet the requirements of Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., wherefore the preparation and filing of formal findings of fact and conclusions of law are deemed unnecessary.

Therefore, it is ordered and adjudged that the application of plaintiffs for a preliminary injunction restraining the enforcement of the subject ordinance be and the same is hereby denied.