326 F.2d 275
 MARYLAND CASUALTY COMPANY, Appellant,
v.
Harry H. HALLATT and Mary Valentine Hallatt, Appellees.
Harry H. HALLATT, Individually and As Executor of the Estate
of Mary ValentineHallatt, Deceased, Appellant,
v.
MARYLAND CASUALTY COMPANY, Appellee.
 Nos. 18485, 20197.
 United States Court of Appeals Fifth Circuit.
 Jan. 10, 1964, Rehearing Denied Feb. 20, 1964.
 
 1
 Lawrence G. Ropes, Jr., Coral Gables, Fla., for Harry H. Hallatt and Mary V. Hallatt.
 
 
 2
 Jackson L. Peters, Miami, Fla., for Maryland Cas. Co.
 
 
 3
 Before RIVES and CAMERON, Circuit Judges, and HUNTER, District Judge.
 
 
 4
 HUNTER, District Judge.
 
 
 5
 The motion for reconsideration and rehearing in No. 18485 involves our initial decision in reversing and remanding a final judgment entered on a jury verdict in favor of plaintiffs, Harry Hallatt and Mary Valentine Hallatt, and against the garnishee, Maryland Casualty Company, for the sum of $9,267.52. The facts are detailed in that decision (295 F.2d 64). The critical question was debated at length between the majority and dissenting opinions there. The majority held that the failure of the insured to attend the trial was prejudicial to the insurer as a matter of law, and that the lower court committed error in admitting evidence on the question of whether or not that failure was prejudicial. The dissent agreed with the District Court that the injured plaintiff had a right to show lack of prejudice and that the question of prejudice was a proper one for the jury.
 
 
 6
 This case was reversed and remanded and came on for retrial in the District Court again in accordance with the pronouncements of the majority. This resulted in a verdict and judgment in favor of Maryland, which was appealed to this Court on October 16, 1962. That appeal is now pending here (No. 20,197).
 
 
 7
 On November 5, 1962 the Florida Appellate Court for the Third District rendered its decision in Barnes v. Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company, 146 So.2d 119) cert. denied Fla., 153 So.2d 305). There, the Florida Court categorically and by name rejected the opinion of this Court and specifically adopted the dissenting opinion as correctly enunciating the law of Florida. On February 19, 1963, plaintiffs filed their motion for reconsideration and rehearing of our initial decision.
 
 
 8
 It is fair and accurate to say that the majority's opinion and the principles it stands for are not in accord with the clearly enunciated law of Florida. We know now that the law of Florida is and was at the time of the original trial in direct conflict with our holding. Are we to correct our error, now that the same suit is here a second time?
 
 
 9
 While Erie[1] made the law of the State effective to govern tort cases cognizable in federal courts on the sole ground of diversity, there was no necessity there for deciding at what step the state law would be finally determined. As a general rule, the decision of an appellate court in a case establishes the law of the case, not only for trial upon remand, but also for the appellate court itself upon subsequent review. But this rule is not an inexorable command, and must not be used to accomplish an obvious injustice.[2] We recognize that an appellate court's power to depart from its own ruling on a former appeal should be exercised sparingly and only in exceptional cases. This is an exceptional case. The litigation has not yet terminated. The initial error was our misapplication of governing state law. That error is revealed by an intervening clear enunciation emanating from a Florida Appellate Court.
 
 
 10
 This Court has jurisdiction of and will correct an initial opinion where as here, between the date of the initial decision and the time we are again called upon to pass upon the same case, a controlling state court has made a decision that we were 'dead wrong.' The Florida Court in Barnes has saved us from committing a miscarriage of justice. We are not insensible to possible complications but are of the opinion that under the total circumstances it is our duty to conform our decision to the supervening decision of the State Court, such decision being under Erie the right decision.
 
 
 11
 We conclude that the failure of the insured to attend the trial was not, as a matter of law, prejudicial to the insurer. The question of prejudice was a proper issue for the jury. Barnes v. Threshermen and Farmers Mutual Casualty Insurance Company, Fla.App., 146 So.2d 119 (cert. denied Fla., 153 So.2d 305). The District Court properly submitted to the jury that issue, together with the issues of good faith and diligence of Maryland and the excuse of Richardson for non-attendance. The evidence was adequate to sustain the jury verdict. The trial was free from any significant error.[3]
 
 
 12
 Accordingly, we now grant the petition for rehearing in Civil Action 18485, vacate our initial opinion and order therein, and affirm the judgment of the District Court rendered on June 17, 1960.
 
 
 13
 The appeal in Civil Action No. 20197 is now moot and it is remanded to the District Court to enter such orders as it may deem necessary, consistent with this opinion.
 
 
 
 [1]
 Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188
 
 
 [2]
 United States v. Ohio Power Co., 353 U.S. 98, 77 S.Ct. 652, 1 L.Ed.2d 683; Messenger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; Johnson v. Cadillac Motor Car Co. (1919, C.A.2 N.Y.) 261 F. 878, 8 A.L.R. 1023; Luminous Unit Co. v. Freeman-Sweet Co. (1924, C.A.7, Ill.), 3 F.2d 577; Sedalia ex rel. Ferguson v. Shell Petroleum Corp. (1936, C.A.8 Mo.) 81 F.2d 193, 106 A.L.R. 1327 (stating that the doctrine of the law of the case as applied to successive appeals, is not an absolute rule of law, but rather a rule of practice or procedure); Cochran v. M. & M. Transp.Co. (1940, C.A.1 R.I.) 110 F.2d 519; Kaku Nagano v. Brownell (1954, C.A.7 Ill.) 212 F.2d 262 (recognizing that the doctrine of the law of the case is not an 'ironclad rule')
 
 
 [3]
 Maryland specified 29 errors. Twenty-one were directed at the District Court's refusal to set aside the verdict. Seven complained of erroneous instructions. We are satisfied that the charge as a whole correctly stated the relevant principles of law in accordance with the law of Florida. The remaining specification complained of the District Court's action in permitting plaintiffs' counsel to crossexamine Maryland's witnesses as to whether Richardson's testimony would have helped Maryland. One witness answered: 'I cannot say.' The other answered: 'It is conjecture, it is guess work.' The jury could have inferred from the direct examination of these witnesses that Richardson's testimony was very important. Surely, the plaintiff had a right to cross-examine, to counteract that inference